UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 19 2012 ★
BROOKLYN OFFICE

----------------------------------------------------X

MYKLE WILLIAMS

      Plaintiff,

- against -

THE CITY OF NEW YORK, P.O. OZEN KINIK, P.O. BRENDAN SYMANSKY and P.O. CHRISTOPHER R. MORRIS

      Defendants.

----------------------------------------------------X

Civ. No.

**COMPLAINT FOR DAMAGES (42 U.S.C. § 1983)**

**JURY TRIAL DEMANDED**

12 - 260

SIRS:

MYKLE WILLIAMS, Plaintiff complaining of Defendants by his Attorney(s), ADRIAN A. ELLIS, LLC., alleges as follows:

### INTRODUCTION

1. This is an action for damages sustained by a citizen of the United States against harassed the Plaintiff police officers of The City of New York Police Department, who unlawfully assaulted the plaintiff.

2. The action against the City of New York is predicated upon the basis that the defendants were acting under the color of state law and pursuant to municipal customs, practices and policies when they undertook the aforementioned acts against plaintiff.

### JURISDICTION

3. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

4. This Court has subject matter jurisdiction of the action under 42 U.S.C. § 1983 and the 6th, 4th, 5th and 14th Amendments of the Constitution of the United States. Venue is proper, as the operative events occurred within this judicial district.

## PARTIES

5. Plaintiff is a resident of the City of New York, and at all times relevant to the allegations of this complaint was a citizen of the United States, and a resident of Kings County.

6. At all times relevant to this action, defendants P.O. Ozen Kinik, Shield Number 2884, P.O. Brendan Symansky, Shield Number 16136 and P.O. Christopher R. Morris Shield Number 26059 were police officers employed by the City of New York Police Department to perform duties in the borough of Brooklyn and were assigned to the 75th Precinct.

   a. At all relevant times, these defendants were acting as the agents, servants, and employees of the defendant City of New York.

   b. These defendants are sued individually and in their official capacities.

7. The defendant-City of New York is a municipality that is incorporated under the laws of the State of New York and, at all relevant times, it employed the other defendants in this action.

8. At all relevant times and in all their actions, the defendants were acting under color of law and pursuant to their authority as police personnel.

9. At approximately 3:00 A.M. the plaintiff and his friend Jeremy Morgan had just left a bar located in the vicinity of the corner of Stanley and Cleveland Avenue. Plaintiff had driven his father's Chrysler minivan and was seeking to enter a vehicle that he

mistook for his father's vehicle. The owner of the vehicle started to scream at the plaintiff and Jeremy. The plaintiff tried to explain the error to the owner of the vehicle when a police vehicle drove up, police officers alighted and plaintiff was immediately struck by the police on the left side of his body causing him to fall to the ground. The plaintiff was then handcuffed and thrown into the rear of the patrol car. The plaintiff was faced down on the seat of the patrol car when he was repeatedly struck by the police who remarked that plaintiff was "a piece of shit." Plaintiff was also repeatedly referred to as a "nigger." The plaintiff asked why the police were treating him this way and was told to "shut up nigger."

10. Plaintiff was transported to the 75th Precinct in the back of the patrol car. When the plaintiff reached the 75th precinct the police lifted the plaintiff up, who was handcuffed with his arms behind his back, and the plaintiff was thrown to the ground face first. This occurred at the rear of the 75th precinct. As a result of being thrown the plaintiff's face struck the ground, as well as the left upper portion of his body. Immediately the plaintiff started to bleed from his nose and mouth and both areas began to swell immediately. The police officers then commenced beating the plaintiff over his body despite him being handcuffed. Other officers were around but due to the blood that had now sprouted from the plaintiff's right eye the plaintiff was unable to decipher which if any officers had joined in with the assault against him. The plaintiff was also being called many derogatory names, especially "nigger" whilst the defendants were beating him.

11. Plaintiff after what was approximately five minutes of being punched and kicked was taken inside the precinct and processed. Plaintiff was in a cell for approximately two

hours pleading for medical attention and the ability to make a phone call but he was ignored. Ultimately, because plaintiff was still bleeding the plaintiff was taken to Brookdale Hospital. Whilst at Brookdale Hospital the plaintiff received ten stiches above his right eye. The plaintiff was experiencing pain all over his body but his plea for help was ignored by medical personnel.

12. The plaintiff was then arraigned the evening of February 26, 2011 and remanded to Riker's Island as he was unable to make bail. The plaintiff was indicted on the following charges: Criminal Possession of a Weapon in the Second Degree (PL 265.03(3)); Criminal Possession of a Weapon in the Third Degree (PL 265.02(1)); Criminal Possession of a Weapon in the Fourth Degree (PL 265.01(1)); Attempted Grand Larceny in the Fourth Degree (PL 110/155.30(8); Unauthorized Use of a Vehicle in the Third Degree (PL 165.01(1)); Obstructing Governmental Administration in the Second Degree (PL 195.05); Attempted Assault in the Third Degree (PL 110/120.00(1)) and Attempted Petit Larceny (PL 110/155.25).

13. As a result of the defendant's assault the plaintiff received extensive medical attention for the multiple injuries sustained, including surgery on a fractured right hand.

14. On May 19, 2011 the plaintiff pled guilty to Criminal Possession of a Weapon in the Second Degree and Criminal Possession of a Weapon in the Fourth Degree.

## FIRST CLAIM FOR RELIEF

15. As a result of the misconduct described above, plaintiff experienced humiliation, emotional distress, pain and suffering, incurred medical expenses, in connection with his medical treatment, and was otherwise damaged.

16. The Plaintiff, Mykle Willliams, sustained severe, serious, painful and permanent injuries, both physically and mentally, suffered and still suffers severe pain and agony, required and will require medical care and attention, was and will be required to pay therefore, and was incapacitated by reason thereof and was otherwise injured and damaged, had lost sums of money which he otherwise would have earned, as a result of the conduct described in this complaint.

17. As a consequence of the abuse of authority detailed above, plaintiff sustained the damages listed above.

18. The abuse to which plaintiff was subjected was consistent with an institutionalized practice of the City of New York Police Department.

19. Defendant City of New York failed to instruct defendants P.O. Ozen Kinik, P.O. Brendan Symansky and P.O. Christopher R. Morris in the applicable provisions of the State Penal Law of the State of New York and the proper and prudent use of force.

20. Defendant City of New York authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by:

   a. Failing to properly discipline, restrict, and control employees, including P.O. Ozen Kinik, P.O. Brendan Symansky and P.O. Christopher R. Morris defendants known to be irresponsible in their dealings with citizens of the community;

   b. Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including specifically; P.O. Ozen Kinik, P.O. Brendan Symansky and P.O. Christopher R. Morris

c. Failing to forward to the office of the District Attorney of Kings County evidence of criminal acts committed by police personnel;

d. Failing to establish or assure the functioning bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

21. The actions and omissions described above, engaged in under color of state authority by the defendants (including defendant City of New York, sued as a person responsible because of its authorization, condonation, and ratification of the acts of its agents) deprived the plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, the plaintiff's:

a. Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police; and

b. Eighth Amendment right to be free from cruel and unusual punishment.

SECOND CLAIM FOR RELIEF

22. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this complaint designated "1" through "19" inclusive with the same force and effect as though each were fully set forth at length here.

23. The defendants intentionally and for the purpose of causing severe physical and mental distress conducted themselves towards the plaintiff in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

24. The defendants recklessly conducted themselves towards the plaintiff in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

### PRAYER

Plaintiff requests that this Court award:

1. Compensatory damages in an amount to be determined upon trial of this action;

2. Punitive damages in an amount to be determined upon trial of this action;

3. Attorney's fees pursuant to 42 U.S.C. § 1988;

4. An award of plaintiff's costs of suit;

5. Grant plaintiff all other relief that is appropriate under the circumstances.

Dated: Brooklyn, New York
January 18, 2012

Yours, Etc.
ADRIAN A. ELLIS, LLC.
BY:
ADRIAN A. ELLIS, ESQ.,
Attorney for the Plaintiff(s)
26 Court Street, Suite 1600
Brooklyn, NY 11242
(718) 596-1308